UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| WILLIAM STAPLES, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:14-CV-1777 |
| | : | (Judge Nealon) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, ET AL., | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

On September 12, 2014, Plaintiff, William Staples, an inmate currently confined at United States Penitentiary-Hazelton, Bruceton Mills, West Virginia, filed the above-captioned Bivens[1] action pursuant to 28 U.S.C. § 1331. (Doc. 1). He names the following as Defendants: United States of America; Dr. Charles Samuel, Jr., Director of Federal Bureau of Prisons; Harrell Watts, Administrator of National Inmate Appeals; S. Stephens, Counselor at United States Penitentiary, Pollack, Louisiana ("USP-Pollack"); Correctional Officer ("CO") Burns at Federal Correctional Institution-Schuylkill, Minersville, Pennsylvania ("FCI-Schuylkill"); CO Sanko at FCI-Schuylkill; CO Garbowski at FCI-Schuylkill; and Lt. Weaver at United States Penitentiary-Canaan, Waymart, Pennsylvania ("USP-Canaan"). See

---

[1] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).

(Doc. 1). Plaintiff alleges a violation of his Eighth and Fourteenth Amendment rights, which occurred at three (3) separate federal correctional institutions. See (Id.).

On January 21, 2015, Plaintiff filed a motion to amend/supplement his complaint, which is currently before this Court.[2] (Doc. 16). Plaintiff seeks to add claims against new defendants. (Id.). On February 6, 2015, Defendant United States of America filed a brief in opposition. (Doc. 18). On March 17, 2015, Plaintiff filed his brief in support. (Doc. 19). For the reasons set forth below, Plaintiff's motion will be granted in part and denied in part.

I. **BACKGROUND**

On September 12, 2014, Plaintiff filed a Bivens action which makes the following allegations: From July 2010 to February 2011, while Plaintiff was incarcerated at USP-Pollack Plaintiff claims that his rights under the Eighth and

---

[2] Although presented as a motion to amend/supplement his pleading, Plaintiff's motion is construed solely as a motion seeking leave to amend his complaint. Specifically, Plaintiff's requested relief does not fall within the ambit of Federal Rule of Civil Procedure 15(d), which governs supplemental pleadings. Here, as discussed below, Plaintiff is seeking to add claims that allegedly occurred prior to the filing of his original complaint. (Doc. 16, pp. 14-22). Rule 15(d) only allows for supplemental pleadings that set "out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). Accordingly, Plaintiff's motion will be addressed solely as a motion seeking leave to amend his complaint.

Fourteenth Amendments of the United States Constitution were violated during proceedings related to disciplinary action taken against Plaintiff. (Doc. 1, pp. 3-6). From August 2011 to August 2013, while Plaintiff was incarcerated at FCI-Schuylkill Plaintiff alleges that his rights under the Eighth and Fourteenth Amendments were violated during his disciplinary proceedings and when his personal property was destroyed. (Id. at pp. 6-9). During August 2013, while incarcerated at Federal Correctional Institution, Milan, Michigan ("FCI-Milan"), Plaintiff claims that his rights under the Eighth and Fourteenth Amendments were violated when he was charged ten dollars ($10.00) for co-payments related to his sick-calls. (Id. at pp. 9-10).

On November 26, 2014, an Order was issued directing the United States Marshal to serve summons and complaint on the Defendants identified in the complaint. (Doc. 10). The docket sheet indicates that all Defendants have been served with the complaint. (Docs. 11-15).

On January 21, 2015, Plaintiff filed a motion for leave to file an amended complaint. (Doc. 16). Attached to that motion is Plaintiff's proposed amended complaint. (Id.). Plaintiff's proposed amended complaint repeats the claims from Plaintiff's original complaint, in addition to presenting new claims against additional defendants. (Id. at pp. 7-22). Like the claims in his original complaint,

these new claims are unrelated, against separate individuals, and arose during his time at three (3) different federal correctional institutions. (Doc. 16, pp. 7-22). Plaintiff's first new claim arose during his incarceration of FCI-Schuylkill. (Id. at pp. 14-16). Specifically, Plaintiff claims that his rights under the Eighth and Fourteenth Amendments to the United States Constitution were violated when his medical records were fraudulently altered by an employee at FCI-Schuylkill to reflect that Plaintiff had tested positive for Tuberculosis ("TB"). (Id.). Plaintiff claims that this fraudulent alteration of his medical records led to him receiving additional TB tests when he was transferred to United States Penitentiary, Leavenworth, Kansas, which "caused pain, suffering, and stress." (Id. at p. 15).

Next, Plaintiff claims that at a point during his incarceration at FCI-Milan, his rights under the First, Eighth, and Fourteenth Amendments were violated when his attempts to administratively exhaust his remedies were "interfered" with by a FCI-Milan employee. (Id. at p. 16). Plaintiff also claims that at some point during his incarceration at FCI-Milan his rights under the Eighth and Fourteenth Amendments were violated when he was forced to work despite his medical restrictions, and due to racial discrimination. (Id. at pp. 17-21).

Plaintiff's final new claim arose on July 4, 2014, while he was incarcerated at the Federal Transfer Center, Oklahoma City, Oklahoma ("FTC"). (Id. at pp. 21-

22). Specifically, Plaintiff claims that on this date his rights under the Eighth and Fourteenth Amendments were violated when he was harassed and sexually assaulted by a CO at FTC. (Doc. 16, p. 22).

II.  **DISCUSSION**

The amendment of pleadings is governed by Federal Rule of Civil Procedure 15. Prior to trial, a party has the opportunity to amend its pleading as a matter of course within twenty-one (21) days after serving it or "if the pleading is one to which a responsive pleading is required 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Rule 15(a)(2) instructs courts to "freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and "[t]he decision to grant or deny a motion for leave to amend rests within the sound discretion of the court." Kearney v. JPC Equestrian, 2013 U.S. Dist. LEXIS 142409, at *5 (M.D. Pa. 2013) (Mannion, J.) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Waterfront Renaissance Assocs. v. City of Philadelphia, 701 F. Supp. 2d 633, 639 (E.D. Pa. 2010)). While leave to amend under Rule 15(a)(2) generally is given freely, a court may deny a motion to amend where there is "undue delay, bad faith

or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Foman, 371 U.S. at 182.

As discussed above, Plaintiff has moved for leave to file an amended complaint. (Doc. 16). In support of his motion, Plaintiff argues that this Court has jurisdiction over the Defendants identified in his proposed amended complaint because, inter alia, they:

> are either employees of the Federal Bureau of Prisons, the Director of the Federal Bureau of Prisons, and that the United States of America, who has contracted the BOP to incarcerate and receive prisoners that are designated to the Department of Justice, who then designates the BOP or contract thems (sic) to hold/detain/incarcerate/ imprison until those individuals serving a prison term has completed said prison term.

(Doc. 19, p. 2). Moreover, Plaintiff claims that these Defendants are "subject to transfer . . . throughout the United States of America," and that the United States and the "BOP" are "doing business throughout the United States, which all crosses state lines doing interstate commerce. . . ." (Id.). Additionally, Plaintiff argues that this Court should grant his motion for leave to amend and accept his proposed amended complaint as filed:

> because of this type of business of the Department of Justice

> designating prisoners to the BOP and the BOP is employed by the United States it is economical, feasible, and time saving to file the action all in one district since initially Plaintiff filed in the District of Columbia, who then transferred sole jurisdiction to the Middle District of Pennsylvania, and then additional claims and defendant of the same company and contractors has also committed constitutional violations, and some of those Defendants are still involved even in the Amend/Supplemented claims.

(Doc. 19, p. 2).

However, it is determined that by granting Plaintiff's motion to amend and entering his proposed amended complaint as his operative pleading, this Court would inappropriately expand the scope of this litigation by allowing Plaintiff to weave together even more unrelated claims and defendants to an action already rife with a hodgepodge of disjointed claims and defendants. See (Doc. 1). More specifically, such an action by this Court would contradict the purpose of Rule 15, which is "designed to further judicial economy," see Rearick v. Spanier, 2012 U.S. Dist. LEXIS 59956, at *25 (M.D. Pa. 2012) (Caputo, J.) (citation omitted), by necessitating additional motions practice and litigation in pursuit of unrelated claims, some of which appear to fall outside the venue of this Court.[3]

---

[3] "The pertinent statutory provision concerning the proper federal court in which a Bivens lawsuit may be brought, 28 U.S.C. § 1391(b)," states that:

> [a] civil action may be brought in–(1) a judicial district in which any defendant resides, if all defendants are residents of

7

Additionally, Plaintiff's proposed amended complaint is in violation of Federal Rule of Civil Procedure 20, which governs the permissive joinder of parties.[4] "Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits 'joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or

---

> the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Perotti v. United States, 2015 U.S. Dist. LEXIS 28063, at *5 (M.D. Pa. Mar. 9, 2015) (Conaboy, J.) (quoting 28 U.S.C. § 1391).

[4] Federal Rule of Civil Procedure 20 states, in pertinent part, that the following can be permissively joined as a defendant in one action:

> Persons–as well as a vessel, cargo, or other property subject to admiralty process in rem–may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2).

fact.'" Allen v. Wetzel, 2015 U.S. Dist. LEXIS 4623, at *2 (M.D. Pa. Jan. 14, 2015) (Conner, J.) (citing 7 CHARLES ALLEN WRIGHT, ARTHUR MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1652 at 371-72 (1986)). As noted above, Plaintiff's proposed amended complaint includes a host of unrelated claims, involving many individuals. (Doc. 16, pp. 4-24). Further, Plaintiff does not allege that these new claims arose out of the same transaction or occurrence or series of transactions or occurrences. See (Id.). Moreover, requiring compliance with Rule 20 is important in the context of litigation by state and federal prisoners. The Prison Litigation Reform Act of 1995 ("PLRA") substantially changed the judicial treatment of civil rights actions by state and federal prisoners. One major change brought about by the PLRA was that the prisoner must ultimately pay the full filing fee in a non-habeas action. See 28 U.S.C. § 1915. "Allowing a prisoner to include a plethora of separate, independent claims would circumvent the filing fee requirements of the PLRA." Redding v. Bilinski, 2015 U.S. Dist. LEXIS 76532, at *3 (M.D. Pa. June 12, 2015) (Mariani, J.).

  Consequently, it is determined that granting Plaintiff's motion for leave to amend in its entirety, and thus allow his proposed amended complaint to become the operative pleading, would be unjust and needlessly increase the cost of litigation. Therefore, Plaintiff's motion for leave to amend his complaint will be

denied to the extent that it seeks to substitute the proposed amended complaint for his original complaint.

However, leave to file an amended complaint under Rule 15(a)(2) should be given freely when justice so requires. As discussed above, Plaintiff's original complaint contains unrelated claims and defendants, which is in violation of Federal Rule of Civil Procedure 20. See (Doc. 1). Thus, Plaintiff's motion will be granted to the extent that it seeks leave to file an amended complaint that complies with the Federal and Local Rules of Civil Procedure. Plaintiff is forewarned that his amended complaint must be complete in all respects. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185 (M.D. Pa. 1992) (Conaboy, J.). The amended complaint may not be another narrative of Plaintiff's experiences within the Federal corrections system.

## III. CONCLUSION

Based on the foregoing, Plaintiff's motion for leave to amend his complaint will be granted to the extent that he seeks leave to file an amended complaint. However, Plaintiff's motion will be denied to the extent that Plaintiff seeks to enter his proposed amended complaint as his operative pleading. Therefore, Plaintiff's proposed amended complaint will be stricken.

A separate Order will be issued.


Date: September 30, 2015                    /s/ William J. Nealon
                                            **United States District Judge**